# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ABU HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:10-cv-1455-WTL-MJD |
| | ) | |
| AFSCME COUNCIL 62 LOCAL 725 and | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ENTRY ON MOTION TO DISMISS

Before the Court is a Motion to Dismiss (Docket No. 22) filed by the Department of Public Works. The Plaintiff has responded and the time to reply has now passed. Accordingly, the motion is now ripe for ruling. Having considered the parties' arguments, the Court now **DENIES** the motion for the reasons set forth below.

## I. RULE 12(b)(6) STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.  BACKGROUND

The Plaintiff, Abu Henderson, is an African American male who began working for the City of Indianapolis (the "City") in December 1995.  In 1998, he was promoted from crew member to lead crew member.  Despite being frequently complimented on his work performance, the City terminated Henderson on August 2, 2010, for allegedly falsifying work-related paperwork.  Henderson denies this charge.  Caucasian employees who falsified work-related paperwork either were not terminated or were reinstated following terminations.

Henderson was a member of Defendant AFSCME Council 62 Local 725 ("AFSCME").  AFSCME represented Caucasian employees whom the City accused of falsifying work-related documents.  After the City terminated Henderson, AFSCME filed a grievance with the City.  Henderson was told to appear at two meetings – one on August 8, 2010 and one on August 9, 2010 – about his grievance.  Both times, Henderson appeared but no meeting occurred.  There have been no further meetings regarding Henderson's grievance.

Henderson then filed suit alleging that the City and AFSCME violated Title VII.  Henderson has also alleged causes of action for breach of contract and breach of collective bargaining agreement.  The Department of Public Works has now moved to dismiss Henderson's Second Amended Complaint under FED. R. CIV. P. 12(b)(6).

## III.  DISCUSSION

The Department of Public Works (the "DPW") argues that "Henderson has improperly sued DPW" as "it lacks the legal capacity to sue or be sued."  Docket No. 23 at 3.  The DPW explains that it is neither a municipal corporation, *see* Ind. Code 36-1-2-10, nor a unit, *see id.* 36-1-2-23, and thus is not a suable entity under Indiana law.  In addition, it argues that because

Henderson "failed to name DPW as a responded [sic] in his EEOC Charge" he may not bring a Title VII claim against it.  *Id*. at 5.

In response, Henderson does not dispute the DPW's arguments and instead states that the DPW "is not a party to his action" and that his Second Amended Complaint is against the City and AFSCME.  Docket No. 24 at 1.  Henderson explains that by identifying the DPW in the caption of his Second Amended Complaint he was "simply identifying the agency within Defendant City of Indianapolis that is in question."  *Id*.

Having reviewed the Second Amended Complaint, the Court concludes that it is not, in fact, brought against the DPW.  Although the DPW is listed in the caption, all of Henderson's claims and allegations are against the City.  Accordingly, the parties are instructed to conform their caption to reflect the actual parties to this litigation (i.e., the City of Indianapolis and AFSCME Council 62 Local 725).

## CONCLUSION

For the foregoing reasons the Department of Public Works' Motion to Dismiss (Docket No. 22) is **DENIED**.

SO ORDERED:  05/19/2011

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.